UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABRAHAM BLANCAFLOR MEDINA,

       Plaintiff,

v.                                  Case No:   6:14-cv-2114-Orl-22TBS

ROD HILL, J.W. MARRIOTT, MARRIOTT
VACATION CLUB and MARRIOTT
INTERNATIONAL, INC.,

       Defendants.
_____

## REPORT AND RECOMMENDATION

This case comes before the Court *sua sponte*.   Plaintiff brings this action *pro se*. He filed his complaint on December 29, 2014, but did not submit summonses to the Clerk for issuance (Doc. 1).   Summonses directed to Defendants Rod Hill and J.W. Marriott were issued on March 31, 2015 (Docs. 2-3).   No return for either of these summonses has been docketed and I do not know what became of them.

On April 24, 2015, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 6).   This prompted my review of the complaint which I determined was in need of facts, organization, and greater clarity (Doc. 7).   Plaintiff appeared to allege that on December 19, 2012, he engaged in a transaction of some sort with Defendant Rod Hill, a Marriott sales executive, at the Marriott Grand Chateau in Las Vegas, Nevada (Doc. 1 at 2).   Hill allegedly failed to disclose all monies required for the transaction and never reminded Plaintiff to read the deadline to cancel (Id.).   Plaintiff paid $1,968 at closing and Hill, without authorization, took an additional $820 using Plaintiff's Bank of America credit card (Id.).   Plaintiff wrote to Defendant J.W. Marriott, Jr., asking him to cancel what

Plaintiff characterized as a fraudulent transaction (Id.).   Marriott never responded and the Marriott Executive Billing Offices in Orlando, Florida continued to aggravate Plaintiff by sending him intimidating bills concerning payment for the transaction (Id.).   These actions led Plaintiff to file this lawsuit seeking a refund of the $2,788 ($1,968 plus $820) and $1,000,000 in punitive damages (Id.).

Plaintiff's complaint suffered from a host of problems.   First, it appeared that he was attempting to invoke the Court's diversity jurisdiction (Id., at 1).   The Court has diversity jurisdiction when an action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.   28 U.S.C. § 1332(a).   Plaintiff alleged addresses for, but not the citizenship of, the Defendants.   He also relied on his prayer for punitive damages to meet the $75,000 threshold.   The amount in controversy requirement can be satisfied by a demand for punitive damages if it is possible under state law for a jury to award the required jurisdictional amount.   Ryan v. State Farm Mut. Auto. Ins. Co., 934 F.2d 276, 277 (11th Cir. 1991).   But, the alleged transaction occurred in Nevada and I did not know if Plaintiff could recover punitive damages under Nevada law.   Second, Plaintiff alleged that he was the victim of a fraudulent transaction but, he had not alleged "with particularity the circumstances constituting fraud" in violation of FED. R. CIV. P. 9(b).   Third, he failed to attach copies of the operative transaction documents to his complaint.   Fourth, Plaintiff failed to allege any state or federal law that Defendants allegedly violated.

On April 28, 2015, I submitted a Report and Recommendation that Plaintiff's complaint be dismissed without prejudice for failure to state a cause of action, and that he be given leave to amend (Doc. 7).   In my Report and Recommendation, I expressed concern about the propriety of venue in this district (Id.).

On May 29, 2015 the Court received a letter from Plaintiff stating that he had in fact paid the filing fee (Doc. 9).   Plaintiff' attached his "Amended Original Petition" to the letter (Doc. 9-1).   Upon receipt of these papers I entered an Order withdrawing my Report and Recommendation (Doc. 10).   In my Order, I recognized the amended petition as the operative pleading and expressed concern about the lack of progress in the case, noting that the action had been pending for 5 months and no Defendants had been served (Id., at 2).   I also informed Plaintiff of the requirements of FED. R. CIV. P. 4(m) and that it had been 151 days since his original complaint was filed (Id.).   On my own initiative, I gave Plaintiff through June 28, 2015 to serve the Defendants or show cause in writing why he was unable to do so.   I also ordered Plaintiff to show cause in writing by June 28 why this case should not be transferred to the United States District Court for the District of Nevada (Id., at 2-3).   Plaintiff did not respond to, let alone comply with my Order.   He did not serve the Defendants by June 28, show cause in writing why he was unable to serve them, or explain why the case should not be transferred to Nevada.

On July 24, 2015, the Court entered an Order directing Plaintiff to show cause by August 14, 2015 why the case should not be dismissed for failure to comply with the May 29 Order (Doc. 16).   Plaintiff responded to this Order but, he has not obeyed it, because he has not provided any explanation why he did not comply with the May 29 Order (Doc. 17).   Thus, Plaintiff is currently in violation of two Orders.   Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to obey a court order.   Luxon v. Astrue, No. 5:08-cv-210-MCR/WCS, 2009 WL 77251, at *1 (N.D. Fla. Jan. 9, 2009) (citing Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.) cert denied, 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989).

In his response, Plaintiff states that he received four summonses from the Clerk dated June 15, 2015 which he sent by certified mail to the Defendants (Id., at 1).   When he submitted those summonses to the Clerk for issuance is not known.   Plaintiff has return receipts showing that the summonses were received by Defendant Marriott Vacation Club of the Marriott Grand Chateau on June 22, and by J.W. Marriott on June 24 (Id., at 2).   The summons mailed to Defendant Marriott International, Inc., was rejected because it was not addressed to a specific name or department (Id.).   Plaintiff resent this summons and a copy of his amended petition on August 12, 2015 (Id.).   Plaintiff mailed a summons to Defendant Rod Hill on April 21, 2015 (Id.).   The United States Postal Service tracking system shows that the letter arrived in Nevada but there is no further information (Id.).   Plaintiff mailed another summons and copy of the amended petition to Hill on August 12, 2015 (Id.).   No waivers or returns of service have been docketed.

Although he is *pro se*, Plaintiff is still required to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.   "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.   If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."   FED. R. CIV. P. 4(b).   Plaintiff waited approximately 3 months to submit summonses to the Clerk and when he did, they were for only 2 of the Defendants.   What happened to those summonses is not known.

"A summons must be served with a copy of the complaint.   The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."   FED. R. CIV. P. 4(c)(1).   Service may be made by any person who is at least 18 years old

and not a party to the action.   FED. R. CIV. P. 4(c)(2).   There is no evidence that Plaintiff has ever requested the United States marshal or any other person to serve Defendants.

The time limit for service pursuant to FED. R. CIV. P. 4(m) is 120 days after the complaint is filed.   Plaintiff was informed of this requirement in the May 29, 2015 Order which also extended to June 28, the time for service of process.   Despite this enlargement of time, Plaintiff still has not served any of the Defendants.

Plaintiff has attempted service by mail which I construe as an attempt to comply with FED. R. CIV. P. 4(d).   The procedure under Rule 4(d) begins with the plaintiff notifying the defendant that the case has been commenced, coupled with a request that the defendant waive service of a summons.   FED. R. CIV. P. 4(d)(1).   The notice and request must be: (1) in writing addressed to an individual defendant, or to the officer or appropriate agent of a corporation, partnership, or association; (2) name the court where the complaint was filed; (3) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form; (4) the notice must inform the defendant of the consequences of waiving and not waving service; (5) the notice must state the date when the request was sent; (6) assuming the defendant is within a judicial district of the United States, the defendant must be given a reasonable time of at least 30 days after the request was sent to return the waiver; and (7) the notice and request must be sent by first-class mail or other reliable means.   FED. R. CIV. P. 4(d)(1)(A)-(G).

There is no evidence that when Plaintiff mailed the summonses and copies of his amended petition to Defendants that he included two copies of a waiver form, a notice informing Defendants of the consequences of waiving and not waving service, a notice stating the date when the request was sent, or notice that each Defendant had a reasonable time of at least 30 days to return the wavier.   And, even if Plaintiff had

complied with FED. R. CIV. P. 4(d)(1), the time requirements are such that he knew, or should have known, that he could not employ this approach and meet the June 28 deadline.

For these reasons, I find that Plaintiff has not fulfilled his responsibility to serve a summons and copy of his claim on each Defendant.   He also has not requested an extension of time to serve Defendants, nor has he shown good cause for failing to serve Defendants.

Rule 4(m) requires service within 120 days.   Without any request by Plaintiff, the Court extended the deadline to June 28, 2015 to give him a further opportunity to accomplish service of process.   Plaintiff's attempts using the waiver of service procedure were flawed, and he waited too long to utilize Rule 4(d).   "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time."   FED. R. CIV. P. 4(m).

The Advisory Note to Rule 4(m) provides that relief from the rule may be appropriate if for example, "the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." FED. R. CIV. P. 4(m), Advisory Committee Note, 1993 Amendments.   The Eleventh Circuit has held that a district court must consider whether any factors warrant extension of the time for service even in the absence of a showing of good cause by the plaintiff.   Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

Plaintiff has not asserted that any Defendant has evaded service of process.   His amended petition alleges federal question jurisdiction based in part on Defendants' claimed violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §

2601 *et seq.*, and 24 C.F.R. Part 3500.   He generally alleges that Defendants violated RESPA by failing to make unspecified disclosures to him, and because Defendants failed to make, or made false representations to him when he signed the closing documents (Doc. 9-1, ¶¶ 14-20).   Specifically, he alleges that Defendants told him he had received all information required by the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.*; and Regulation Z, 12 C.F.R. Part 226 (Id., ¶ 14).   He was also told he had received all disclosures required by RESPA, that the loan procedures and documents complied with TILA and Regulation Z, and that the closing procedures and loan documents he signed complied with all requirements of RESPA (Id.).

Plaintiff avers that he and his wife were induced to make their purchase on December 19, 2011[1]  (Id., ¶¶ 8-9).   RESPA provides for the bringing of an action "in the United States district court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title, and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation …."   12 U.S.C. § 2614.   If Plaintiff is proceeding under §§ 2607 or 2608, then the one year ran long before this action was filed on December 29, 2014.

Section 2605 requires each person who makes a federally related mortgage loan to disclose certain information concerning the possible assignment, sale, or transfer of the loan to the applicant for the loan.   Plaintiff has not alleged that he obtained a mortgage loan in connection with this transaction, or that the loan was ever sold, transferred, or assigned.   Consequently, he does not appear to be proceeding under § 2605 but, if that

---

[1]  The failure to include Plaintiff's wife as a party to this action is one of several reasons why the amended petition may be susceptible to a motion to dismiss.

is his intent, then his RESPA claim still appears to be time barred because he did not file this lawsuit until more than 3 years following the closing.

Plaintiff also brings a claim for money damages under TILA and Regulation Z (Id., ¶ 6).   He has not alleged which section(s) of these laws Defendants violated (Id.).   The statute provides an express statute of limitations for borrowers to sue for damages. "[A]ny action under [§ 1640] may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation ….."   15 U.S.C. § 1635(e).   "[A]s a general rule[,] [this] limitations period starts at the consummation of the transaction."   King v. California, 784 F.2d 910, 915 (9th Cir. 1986).   Based upon the date of the transaction and the date suit was filed, this claim also appears on its face to be time barred.

Plaintiff's failure to comply with two Court Orders, failure to serve any Defendant, failure to show good cause for not serving Defendants, failure to seek an enlargement of time to accomplish service, and the appearance that his claims are time barred, taken together, lead me to conclude that this case should not proceed further.   Accordingly, I respectfully recommend that the Court dismiss this case without prejudice, terminate any pending motions, and direct the Clerk to close the file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 27, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff pro se